```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE         *   MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS     *
                                      Case No.
LIABILITY LITIGATION              *   4:13-cv-195 (M. COLE)
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Melanie Grubbs Cole was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Cole brought this product liability action against Mentor, contending that ObTape had design defects that proximately caused her injuries.[1] Cole also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor contends that several of Cole's claims are barred by the applicable statute of limitations. For the reasons set forth below, the Court agrees, and Mentor's Motion for Partial Summary Judgment (ECF No. 30 in 4:13-cv-195) is granted.

---

[1] Mentor argues that to the extent Cole pursues a claim under a manufacturing defect theory, summary judgment is warranted on that claim. Cole did not respond to Mentor's motion on this issue, so the Court finds that she abandoned any manufacturing defect claim she previously asserted. *See Trnka v. Biotel, Inc.*, Civ. No. 07-1206 (RHK/JSM), 2008 WL 108995, at *3 n.4 (D. Minn. Jan. 9, 2008) (finding that plaintiff abandoned claims she did not address in her opposition to summary judgment).

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Cole, the record reveals the following. Cole is a resident of North Carolina. She sought treatment from Dr. C. Frederic Reid for stress urinary incontinence. After several years of treatment, Cole decided to undergo a mesh sling implant, and Dr. Reid implanted Cole with ObTape on October 14, 2004. Three weeks later, Cole visited Dr. Reid complaining that the sling was not working properly and that her incontinence was worse than it was before the surgery. Cole Dep. 120:2-121:11, ECF 30-5. She attributed her problems to the mesh surgery. *Id.*

Cole continued to have problems with incontinence, and she also experienced urinary tract infections and pain that she associated with ObTape. Cole visited Dr. Bradley Jacobs in 2007, and he diagnosed an erosion of the ObTape. Dr. Jacobs removed the eroded ObTape. In 2008, Cole visited Dr. John Smith because she believed that Dr. Jacobs had not removed all of the ObTape and she wanted it removed. Dr. Smith spoke with Cole about her scar tissue and the mesh, and he believes he told her that some of her pain came from inflammation caused by the ObTape and if the ObTape could be removed, then most of the pain should go away. Dr. Smith removed more ObTape in January 2009.

Cole filed her Complaint on June 5, 2013. She brought claims under the following theories: strict liability design defect, negligence, breach of warranty, and strict liability failure to warn.

## DISCUSSION

Cole filed this action in the United States District Court for the District of Minnesota. *See generally* Compl., ECF No. 1 in 4:13-cv-195. The action was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape. The parties agree that Minnesota law applies to Cole's claims. *See In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-md-2004, 2013 WL 286276, at *7 (concluding that Minnesota law applied to claims of non-

Minnesota ObTape plaintiffs who brought their actions in Minnesota). Mentor argues that all of Cole's claims except her negligence claim are time-barred.

### I. Breach of Warranty Claim

The statute of limitations for Cole's breach of warranty claim is four years. Minn. Stat. § 336.2-725(1). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Minn. Stat. § 336.2-725(2). "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Minn. Stat. § 336.2-725(1). Cole did not point to any evidence that any warranty made by Mentor explicitly extended to future performance, so her breach of warranty claim accrued in 2004, when her ObTape was implanted. Cole did not bring her claim within four years, so her breach of warranty claim is time-barred.

### II. Design Defect and Failure to Warn Claims

Cole brought design defect and failure to warn claims under a strict liability theory. Under Minnesota law, "any action based on the strict liability of the defendant and arising from the manufacture, sale, use or consumption of a product shall be

4

commenced within four years." Minn. Stat. § 541.05 subd. 2. Under Minnesota law, "a claim involving personal injuries allegedly caused by a defective product accrues when two elements are present: '(1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission.'" *Klempka v. G.D. Searle & Co.*, 963 F.2d 168, 170 (8th Cir. 1992) (quoting *Hildebrandt v. Allied Corp.*, 839 F.2d 396, 398 (8th Cir. 1987)) (applying Minnesota law). "A plaintiff who is aware of both her injury and the likely cause of her injury is not permitted to circumvent the statute of limitations by waiting for a more serious injury to develop from the same cause." *Id.*

For example, in *Klempka*, the plaintiff suffered injuries and was diagnosed with chronic pelvic inflammatory disease, which her doctor said was caused by the plaintiff's intrauterine device. *Id.* at 169. Several years later, the plaintiff was told that she was infertile and that the intrauterine device caused her infertility. *Id.* Applying Minnesota law, the Eighth Circuit concluded that the plaintiff's cause of action accrued when she first learned that she had an injury (chronic pelvic inflammatory disease) that was caused by the intrauterine device. *Id.* at 170. Here, Cole does not deny that she knew by 2008 at the latest that her injuries—worsened incontinence,

5

pain, and infections—were caused by ObTape. Cole argues, however, that her claims did not accrue until she knew that her injuries were caused by a defect in ObTape. Cole did not point to any Minnesota authority holding that a plaintiff must be on notice that her injuries were caused by a defect. Rather, the precedent states that the plaintiff must be aware of an injury and a causal connection between the injury and the defendant's product. *Id.*

Cole nonetheless contends that two Eighth Circuit cases support denial of summary judgment in this case. The Court disagrees. First, Cole points to *Hildebrandt v. Allied Corp.*, 839 F.2d 396 (8th Cir. 1987), where the plaintiffs alleged that they suffered lung damage due to their exposure to a toxic chemical at their workplace. But there, unlike here, the plaintiffs' doctors initially told the plaintiffs that there was no correlation between their symptoms and the chemical. *Id.* at 399. The Eighth Circuit thus concluded that the plaintiffs' claims did not accrue until the cause of the plaintiffs' injuries was rationally identified. Second, Cole points to *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917 (8th Cir. 2004). In *Tuttle*, the district court found that the decedent's smokeless tobacco product liability action accrued when the decedent discovered a lump in his cheek. 377 F.3d at 922. The Eighth Circuit reversed because the decedent's doctor initially

6

told the decedent that the lump was caused by an oral infection and was treatable with antibiotics—not that it was oral cancer caused by the tobacco. *Id. Hildebrandt* and *Tuttle* are both distinguishable from Cole's case. Here, unlike *Hildebrandt* and *Tuttle*, there is no question that Cole and her doctors connected her injuries to ObTape as early as 2004 and by 2008 at the latest.

Cole argues that even if Minnesota's discovery rule does not save her strict liability claims, the statute of limitations should be tolled by fraudulent concealment. "Fraudulent concealment, if it occurs, will toll the running of the statute of limitations until discovery or reasonable opportunity for discovery of the cause of action by the exercise of due diligence." *Holstad v. Sw. Porcelain, Inc.*, 421 N.W.2d 371, 374 (Minn. Ct. App. 1988); *accord Hydra-Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 918 (Minn. 1990). "The party claiming fraudulent concealment has the burden of showing that the concealment could not have been discovered sooner by reasonable diligence on his part and was not the result of his own negligence." *Wild v. Rarig*, 234 N.W.2d 775, 795 (Minn. 1975). As discussed above, Cole suspected in 2004 that she had injuries caused by ObTape. She knew by 2007 that portions of the ObTape had to be removed because of an erosion. And by 2008, Cole wanted all of the ObTape removed because of her problems with it. A reasonable

7

person in those circumstances would take some action to follow up on the cause of her injuries.  But Cole pointed to no evidence that she took any action to investigate her potential claims even though she knew there was a connection between her injuries and the ObTape.  Under these circumstances, the Court concludes that fraudulent concealment does not toll the statute of limitations.  Cole's strict liability claims are therefore barred.

## CONCLUSION

As discussed above, Mentor's Motion for Partial Summary Judgment (ECF No. 30 in 4:13-cv-195) is granted.  Only Cole's negligence claim remains pending for trial.

Within seven days of the date of this Order, the parties shall notify the Court whether the parties agree to a *Lexecon* waiver.

IT IS SO ORDERED, this 16th day of October, 2015.

                                             S/Clay D. Land
                                             CLAY D. LAND
                                             CHIEF U.S. DISTRICT COURT JUDGE
                                             MIDDLE DISTRICT OF GEORGIA